[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 13, 2009
THOMAS K. KAHN
CLERK

No. 08-13457
Non-Argument Calendar

_____

D. C. Docket No. 06-80928-CV-DTKH

FLORIDA AIRMOTIVE, INC.,
a Florida corporation,

Plaintiff-
Counter-Defendant-Appellant,

versus

DERYL PERRY,
d.b.a. Perry Enterprises,

Defendant-
Counter-Claimant-Third Party
Plaintiff-Appellee,

versus

OWEN H. GASSAWAY,

Third Party Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(March 13, 2009)**

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

This case involves two contracts between Florida Airmotive, Inc. and Deryl Perry for the manufacture and sale of fourteen mobile airplane hangers. Due to a series of missteps, delays, and misunderstandings, the contracts were never completed. Florida Airmotive, having paid Perry $225,000 and having no hangers to show for it, sued. It lost. After a bench trial, the district court concluded that Perry substantially performed under the contracts by tendering to Florida Airmotive compliant drawings and specifications for the hangers, completing (although not delivering) four of the fourteen hangers, and remaining ready, willing, and able to complete and deliver the remaining ten hangers after the building permits were granted.

We review factual findings made by a district court after a bench trial for clear error and review <u>de novo</u> its conclusions of law. See <u>Belize Telecom, Ltd. v. Government of Belize</u>, 528 F.3d 1298, 1303 (11th Cir. 2008). A district court's

finding of fact is clearly erroneous if we are "left with the definite and firm conviction that a mistake has been committed." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005). By contrast, the district court does not commit clear error if its "account of the evidence is plausible in light of the record viewed in its entirety." Id. at 1351.

Florida Airmotive contends that the district court clearly erred in finding that Perry submitted code-compliant drawings and specifications. It argues that there is no evidence in the record that the documents provided by Perry were compliant with the Florida Business Code. We disagree. The documents and drawings are in the record. They were stamped and signed by an engineering firm licensed in Florida, in a manner that the district court reasonably could interpret as certifying them as compliant with the 2001 Florida Building Code. Based on that evidence, we are not left "left with the definite and firm conviction that a mistake has been committed." Id. Therefore, the district court did not err in holding that Perry substantially complied with the requirements of the contract.

**AFFIRMED.**